## SMITH KIMBALL AND WIFE *vs.* J. MOLONY.

Where the body of a person, not liable to arrest, has been taken upon mesne process, trespass does not lie for such arrest against the party, at whose suit it was made.

In an action of debt upon a judgment recovered against a husband and wife, it is a good plea in bar, that the wife has been taken in execution upon the judgment, and voluntarily discharged by the creditor.

TRESPASS for arresting and imprisoning the wife of *Smith Kimball*, on the 18th January, 1823, and detaining her in prison forty days.

The defendant pleaded in bar, that on the 14th January, 1823, he sued out a writ against the plaintiffs, as follows :

" State of New-Hampshire.

" Strafford, ss.

{Seal.}

" To the sheriff of any county, &c.

" Greeting.

" We command you to attach the goods or estate of *Smith* " *Kimball*, and *Judith*, wife of said *Smith*, &c., and for want " thereof to take the bodies of the said *Smith* and *Judith*, &c. " to answer unto *John Molony*, &c. in a plea of the case, for " that the said *Smith* and *Judith*, at said G. on the 4th April, " 1821, by their promissory note of that date, by them sub- " scribed, for value received, jointly and severally, promised " the plaintiff, to pay him, or his order, $40, on demand with " interest ; yet, &c. To the damage, &c."

That he delivered the said writ to *Caleb Kimball*, a deputy sheriff, who, by virtue thereof, arrested the plaintiffs, and committed them to prison, and made due return of the said writ, with his doings thereon.

To this plea the plaintiffs demurred; and the defendant joined in demurrer.

*Lyford*, for the plaintiffs.

*Atkinson* and *Woodbury*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It is well settled, that whenever a judgment has been rendered against a husband and wife, they may be both taken in execution. *Moor* 704, *Bardolph vs. Perry and wife.*—5 *Binney* 45.—*Yelverton* 106, *note.*—*Cro. James* 203, *Hales vs. Whyte.*—1 *Ventris* 51, *Jackson vs. Gubree.*—4 *Mass. Rep.* 659, *Haines vs. Corliss.*—3 *Wilson* 124.—2 *Strange* 1167, *Pitts vs. Miller et ux.*—1 *Wilson* 149.—4 *East* 521.

It was decided long since, that when a husband and wife were in prison, upon an execution, and the wife was suffered to escape, the sheriff was answerable for the whole debt; although the husband remained in prison. 1 *Rolle's Ab.* 810.

In the case of *Eastman vs. Thrasher and wife*, Rockingham, February term, 1818, the action was debt upon a judgment recovered against *Thrasher* and his *wife*. The defendants pleaded in bar, that the plaintiff sued out execution on the said judgment and caused the wife to be arrested and detained in custody forty-eight hours, when she was discharged with the consent of the plaintiff; and this was held, upon demurrer, to be a good bar.

With regard to the right of a wife, to be discharged, when arrested upon *mesne process*, in England, the authorities do not agree. It has sometimes been held, that when arrested with her husband, she is not entitled to be discharged. 1 *Ventris* 49.—1 *Taunt.* 254, *Roberts vs. Mason and wife.*

Others have held, that she is, in all cases, entitled to be discharged, unless in cases, where she has practised a fraud in holding herself out as a single woman. *Tidd's prac.* 173.—1 *East* 16, *Pitt vs. Thompson.*—6 *D. & E.* 451, *Waters vs. Smith.*—7 *East* 582.—4 *B. & P.* 54.—3 *Brod. & Bing.* 92.

Kimball et ux.
*vs.*
Molony.

—5 *D. & E.* 194, *Partridge vs. Clark.*—2 *Marshall* 40, *Prichard vs Cowlan.*—1 *Levintz* 216.—2 *W. Bl.* 720.—2 *Wilson* 124.

But it is unnecessary to decide, in this case, what are the rights and privileges of married ladies, in this respect, among us ; because admitting, that they are privileged from arrest, on *mesne process*, it is very clear, that trespass does not lie for an arrest in such a case. 2 *W. Bl.* 1085, *Crossby vs. Shaw.*—2 *N. H. Rep.* 469 & 294.—18 *Johns.* 52.—1 *Salkeld* 1.—11 *Johns.* 433.—1 *Chitty* 129.—3 *D. & E.* 183.

We are therefore of opinion, that there must be

*Judgment for the defendant.*